IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN BURDA, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 22-CV-3513 |
| : | |
| MONTGOMERY COUNTY COURT : | |
| OF COMMON PLEAS, *et al.*, : | |
|     Defendants. : | |

## MEMORANDUM

**YOUNGE, J.**                                                                                                                       **DECEMBER 16, 2022**

*Pro se* Plaintiff Steven Burda filed a Complaint against the Montgomery County Court of Common Pleas, two Montgomery County judges, and the Montgomery County Domestic Relations Section. Burda alleges that his rights were violated when the judge presiding over his divorce proceedings modified a child support order. Burda seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Burda leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

## I.    FACTUAL ALLEGATIONS

Burda names the following Defendants in his Complaint: (1) the Montgomery County Court of Common Pleas; (2) Montgomery County Court of Common Pleas Judge Wendy Demchik-Alloy; (3) Montgomery County Court of Common Pleas President Judge Carolyn T.

---

[1] The Court initially denied Burda's Motion to Proceed *In Forma Pauperis*. (*See* ECF No. 6.) Burda filed a Motion to Reconsider that denial (ECF No. 7), in which he provided additional information about his financial circumstances. Based on that new information, the Court will grant Burda's Motion to Reconsider and grant him leave to proceed *in forma pauperis*.

Carluccio; and (4) the Montgomery County Domestic Relations Section. (Compl. at 2.)[2]  Burda alleges that on August 2, 2022, Judge Demchick-Alloy entered an order that modified a June 1, 2022 support order. (*Id*. at 3.)  Burda attaches a copy of the August 2, 2022 order as an exhibit to the Complaint. (*See* ECF No. 2-1 at 6.)  The August 2 Order states that it amends a June 1, 2022 order "to correct the clerical defect apparent on page seven of the order." (*Id*.)  Burda further alleges that Judge Demchick-Alloy did not have jurisdiction to enter the August 2 Order because the June 1 support order "was on active appeal" and because the August 2 Order was entered more than 60 days after the June 1 Order, in violation of a state statute that requires orders to be modified or rescinded within thirty days. (Compl. at 3 (citing 42 Pa. Stat. and Cons. Stat. Ann. § 5505).)

Based on these facts, Burda asserts claims for "civil rights violations," "statutory rules violations," "violations of [the] Constitution," and "bias towards the Father in Court." (*Id*. at 2.)  For relief, he requests punitive damages and that this Court vacate the August 2 Order. (*Id*. at 4.)

## II.   STANDARD OF REVIEW

The Court grants Burda leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Burda is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

**III. DISCUSSION**

Burda contends that Judge Demchik-Alloy, who presides over his divorce and child support proceedings, improperly and without jurisdiction, modified a child support order. He seeks money damages and requests this Court to vacate the support modification order.[3] Although it is not entirely clear, it appears that Burda asserts due process and equal protection claims under 42 U.S.C. § 1983.[4] "To state a claim under § 1983, a plaintiff must allege the

---

[3] Burda appears to request the Court to intervene in the child support dispute in state court, which the Court declines to do. To the extent the child support proceedings have concluded in a manner adverse to Burda, the *Rooker-Feldman* doctrine bars federal district courts from reviewing final judgments of a state court. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). It is not clear whether the rulings of which Burda complains are "final judgments" for purposes of *Rooker-Feldman*, so the Court cannot say at this time that Burda is pursuing an improper appeal of a state court judgment under the *Rooker-Feldman* doctrine. *See Malhan v. Sec'y United States Dep't of State*, 938 F.3d 453, 458-61 (3d Cir. 2019).

[4] To the extent Burda raises claims under the Pennsylvania Constitution, such claims are dismissed because "Pennsylvania does not have a statutory equivalent to § 1983 and does not recognize a private right of action for damages stemming from alleged violation of the state constitution." *Miles v. Zech*, 788 F. App'x 164, 167 (3d Cir. 2019) (*per curiam*).

3

violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  As set forth below, Burda has not stated plausible § 1983 claims against any Defendant.

### A.     Claims against Judge Demchick-Alloy

Burda's claims against Judge Demchick-Alloy are barred by absolute judicial immunity. Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction.  *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*).  An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (citations omitted).  Moreover, "[i]mmunity will not be forfeited because a judge has committed 'grave procedural errors,' or because a judge has conducted a proceeding in an 'informal and ex parte' manner', . . . [or] because the judge's action is 'unfair' or controversial." *Gallas*, 211 F.3d at 769 (citations omitted).  A judge will be subject to liability only "when he has acted 'in the clear absence of all jurisdiction.'" *Id.* (quoting *Stump*, 435 U.S. at 356-57).  "Generally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).

Burda's claims against Judge Demchick-Alloy arise from a child support modification order that she entered in a family court proceeding in which Burda is a party. There are no facts suggesting that Judge Demchick-Alloy acted in the absence of all jurisdiction to negate judicial immunity.[5] Accordingly, the claims against her must be dismissed.

### B. President Judge Carluccio

Burda makes no allegations specifically about President Judge Carluccio. To the extent that she was named because she presided over some aspect of Burda's divorce or child support proceedings, such claims would be barred by judicial immunity. *See supra* § III.A. To the extent that she was named simply because of her role as President Judge, such claims must also fail. In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998); s*ee also Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)); *see also Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

---

[5] Burda alleges that Judge Demchik-Alloy lacked jurisdiction to enter the August 2 Order because it modified a prior order that was pending on appeal and because it was entered more than 60 days after the order it modified, in violation of state statute. Pennsylvania state statute makes clear that "[t]he court making an order of support shall at all times maintain jurisdiction of the matter for the purpose of enforcement of the order and for the purpose of increasing, decreasing, modifying or rescinding the order . . . ." 23 Pa. Stat. and Cons. Stat. Ann. § 4352. Additionally, the procedural rule cited by Burda that was allegedly violated, Pa. R.A.P. 1701, specifically permits a trial court to "correct formal errors in papers" relating to the appeal, as Judge Demchick-Alloy did in this case.

Burda states no facts establishing that President Judge Carluccio was personally involved in the alleged violation of Burda's rights. Accordingly, the claims against Judge Carluccio must also be dismissed. *See Rushing v. Pennsylvania*, 637 F. App'x 55, 57-58 (3d Cir. 2016) (*per curiam*) (affirming dismissal of § 1983 claims against President Judge because the plaintiff "did not allege any facts that point to the liability" of the Judge but "merely named" her as a defendant and "then did not state anything further").

### C. Claims against the Montgomery County Court of Common Pleas and the Montgomery County Domestic Relations Section

Burda's claims against the Montgomery County Court of Common Pleas and the Montgomery County Domestic Relations Section also fail.[6] The Eleventh Amendment bars suits against a state and its agencies in federal court when the state has not waived that immunity, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989), and the Commonwealth of Pennsylvania has not waived that immunity for civil rights claims. *See* 42 Pa. Cons. Stat. § 8521(b). Pennsylvania courts and divisions of state courts, such as domestic relations sections, are arms of the Commonwealth and therefore share in the Commonwealth's immunity. *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005) (holding that Pennsylvania's Judicial Districts are entitled to immunity from suit under the Eleventh Amendment); *Custis v. City of Philadelphia Ct. of Common Pleas*, No. 21-3573, 2021 WL 3784257, at *4 (E.D. Pa. Aug. 26, 2021) (concluding that Domestic Unit of the Philadelphia Court of Common pleas "may not be sued under § 1983" as a division of a state court). Moreover, Pennsylvania courts and their divisions are not considered "persons" subject to liability under § 1983. *See Karns v.*

---

[6] The Montgomery County Domestic Relations Section is an office under the Montgomery County Judicial System. *See* https://www.montcopa.org/131/Domestic-Relations (last accessed December 16, 2022).

6

*Shanahan*, 879 F.3d 504, 519 (3d Cir. 2018) (noting that "'[s]tates or governmental entities that are considered "arms of the State" for Eleventh Amendment purposes' are not 'persons' under § 1983") (quoting *Will*, 491 U.S. at 70).  For these reasons, Burda cannot state a § 1983 claim against these Defendants.  *See Green v. Domestic Rels. Section Ct. of Common Pleas Compliance Unit Montgomery Cnty.*, 649 F. App'x 178, 180 (3d Cir. 2016) (*per curiam*) ("[A]ll claims against the Domestic Relations Section of the Montgomery County Court of Common Pleas were properly dismissed pursuant to its Eleventh Amendment immunity.").

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Burda leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Leave to amend will not be given as any attempt to amend would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).

An appropriate Order follows.

BY THE COURT:

*/s/ John Milton Younge*
**JOHN M. YOUNGE, J.**